UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

DONALD M. PALMATEER, JR. and
KAREN D. PALMATEER, Husband and Wife,

CIVIL NO. 01-1459 (DSD/JMM)

Plaintiffs,

v.

REPORT AND RECOMMENDATION

SENCO PRODUCTS, INC.

Defendant.

The above matter came on for hearing before the undersigned on September 26, 2001 upon Plaintiffs' Motion to Remand [Docket No. 4]. Paul D. Peterson, Esq. appeared on behalf of Plaintiffs; Bridget M. Ahmann, Esq. appeared on behalf of Defendant. The matter was referred to the undersigned by Judge David S. Doty for a Report and Recommendation pursuant to 28 U.S.C. §636 (b)(1)(B).

Upon the following Findings of Fact/Report, it is recommended that Plaintiffs' Motion to Remand [Docket No. 4] be denied.

**FINDINGS OF FACT/REPORT**

Plaintiffs began this lawsuit in Ramsey County district court by serving the Summons and Complaint on Defendant on August 30, 2000. Defendant removed the case to this Court on August 9, 2001. Plaintiffs now seek to remand the matter to state court, arguing that Defendant's removal was untimely.

Title 28 U.S.C. §1446(b) sets forth the time limits applicable to removing a case from state to federal court:

FILED OCT 15 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

In other words, Defendant was required to remove this case within thirty days after receipt of a paper from which Defendant could ascertain that federal jurisdiction existed. Plaintiffs contend that the removal in this case was untimely, because the notice of removal was filed more than thirty days after initial service of the Complaint.

The issue boils down to whether or not the case stated in the Complaint was removable. If it was, as Plaintiffs argue, the period for removal began running when the Complaint was served (August 30, 2000) and expired thirty days later (September 29, 2000). Defendant argues that the Complaint on its face did not allege claims in excess of the jurisdictional amount required to invoke federal jurisdiction, and therefore the thirty-day period did not begin running when the Complaint was served.

Plaintiffs have since responded to a Request for Admission by indicating that the total damages sought for each Plaintiff will exceed $75,001.00. Accordingly, Plaintiffs do not argue that this Court does not have jurisdiction over this case pursuant to 28 U.S.C.

§1332. Nor do they suggest that Defendant did not meet the one-year deadline in section 1446(b). Their only argument is that the thirty-day deadline in section 1446(b) began to run upon service of the Complaint.

**The Complaint**

Plaintiffs filed their Complaint seeking damages resulting from injuries incurred by Donald Palmateer while operating an automatic nailer manufactured by Defendant. Paragraph VI of the Complaint stated that Donald Palmateer had sustained damages "in an amount in excess of Fifty Thousand and No/100 ($50,000.00) Dollars." Paragraph VII of the Complaint stated that, as a result of the injuries sustained by Donald Palmateer, Karen Palmateer was damaged "in a reasonable amount in excess of Fifty Thousand and No/100 ($50,000.00) Dollars." The final paragraph of the Complaint stated:

> WHEREFORE, the plaintiffs respectfully request that this court grant judgment in their favor and against the defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollar (sic) together with costs, disbursements, interest and such further relief as the court deems just and equitable.

The parties do not suggest that this case involves a federal question. Therefore, in order for this Court to have jurisdiction over the dispute, there must be diversity of citizenship between the parties and the amount in controversy must exceed "the sum or value of $75,000, exclusive of interest and costs, . . . " 28 U.S.C. §1332(a). Defendant argues that the Complaint did not allege an amount in controversy in excess of $75,000, so Defendant did not have the option of removing the case to federal court on the basis of the Complaint. Plaintiffs argue that the Complaint asserted a claim for more than $75,000.

## Discussion

Our resolution of this Motion is controlled by the holding of the Eighth Circuit Court of Appeals in In re Willis, 228 F.3d 896 (8th Cir. 2000). In Willis, the Eighth Circuit held that "the thirty-day time limit of section 1446(b) begins running upon receipt of the initial complaint only when the complaint explicitly discloses the plaintiff is seeking damages in excess of the federal jurisdictional amount." Willis, 228 F.3d at 897 (citing Chapman v. Powermatic, Inc., 969 F.2d 160, 163 (5th Cir. 1992)). This bright-line rule promotes certainty and judicial efficiency, as well as preventing plaintiffs from "disguising" the amount of damages sought until after the time for removal has run. Willis, 228 F.3d at 897.

It is clear on the face of the Complaint that no individual Plaintiff made a claim for a sufficient amount to meet the federal jurisdictional requirement ($75,000). However, Plaintiffs argue that the Court must consider their claims in the aggregate, thereby making the total amount in controversy at least $100,000. This argument fails for two reasons.

First, it is not clear from the language of the Complaint that aggregating the damages claimed by Plaintiffs results in a sum of $100,000. In the final paragraph of the Complaint, Plaintiffs make a joint plea for relief in the amount of at least $50,000. On its face, the Complaint appears to seek $50,000 in damages on behalf of both Plaintiffs together. The Complaint does not explicitly disclose that damages in excess of $75,000 are sought, as is required under Willis.

Second, even if the Complaint clearly sought in excess of $50,000 for each individual Plaintiff, it would not be permissible for the Court to consider the total amount of damages sought by both Plaintiffs in determining whether the jurisdictional requirement has been met. Ordinarily, the Court may not aggregate the demands of multiple plaintiffs alleging separate claims when determining if a complaint meets the federal jurisdictional amount. Zahn v. Int'l Paper Co., 414 U.S. 291, 294-95 (1973). Plaintiffs acknowledge this general rule, but assert that their claims are not controlled by that rule because Karen Palmateer's claim is derivative of her husband's personal injury claim.

It is true that, in certain circumstances, where multiple plaintiffs have a "unified, indivisible interest in a common fund," those plaintiffs may aggregate their individual claims to reach the jurisdictional amount. Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1280 (11th Cir. 2001). See also Hedberg v. State Farm Mut. Automobile Ins. Co., 350 F.2d 924, 930 (8th Cir. 1965)("when several plaintiffs unite to enforce a single title or right, in which they have a common and undivided interest, it is enough if their interests collectively equal the jurisdictional amount.")(quoting Pinel v. Pinel, 240 U.S. 594, 596 (1916)). However, this case does not present such a circumstance.

The claims of individual plaintiffs cannot be aggregated to meet the federal jurisdictional requirements unless the parties share an interest in a "single, undivided res." Crawford v. F. Hoffman-LaRoche Ltd., -- F.3d --, 2001 WL 1160354 at *3 (8th Cir. Oct. 3, 2001)(citing Gilman v. BHC Sec., Inc., 104 F.3d 1418, 1430 (2d Cir. 1997)). The reasoning of the Second Circuit in Gilman is applicable to the instant case:

> Plaintiffs in paradigm 'common fund' cases assert claims to a piece of land, a trust fund, an estate, an insurance policy, a lien, or an item of collateral, which they claim as common

> owners or in which they share a common interest arising under a single title or right. [Plaintiffs] have no *joint* interest other than a shared appetite for a money judgment payable by a single defendant – which is not the type of 'common and undivided interest' that warrants an exception to the rule against aggregating claims.

Gilman, 104 F.3d at 1424 (emphasis supplied).

Plaintiffs' suggestion that their claims in the Complaint should have been viewed in the aggregate, thereby giving notice of removability, is without support. Their claims are not against the kind of "common fund" that would cause the Court to apply the exception against aggregating claims. The initial Complaint did not explicitly disclose that any Plaintiff was seeking damages in excess of the federal jurisdictional amount. Defendant did not have notice that this case was removable when the Complaint was filed, and therefore the thirty-day removal period did not begin running at that time. Defendant's removal of this action was timely.

## RECOMMENDATION

For the reasons set forth above, it is recommended that Plaintiffs' Motion to Remand [Docket No. 4] be denied.

Dated: October 12, 2001

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before **October 27, 2001** a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendations, the party making the objections shall timely order and file a complete transcript of the hearing on or before **October 27, 2001**.