**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| Donald (Chip) M. Palmateer, Jr. and Karen D. Palmateer, Husband and Wife, Plaintiffs, vs. Senco Products, Inc., Defendant. | **STIPULATED PROTECTIVE ORDER** JEL/JGL **CIVIL FILE NO. 01-1459** ~~**DSD/JMM**~~ |

---

Rendered this 1st day of May, 2002.

In order to preserve and maintain the confidentiality of certain documents to be produced by Senco Products, Inc. ("SENCO") in the above-captioned action or otherwise made available by SENCO, it is hereby ORDERED that:

1. Documents to be produced by SENCO during discovery in this litigation contain trade secrets and other confidential research, development, and commercial information of SENCO. These documents are hereafter referred to as "Protected Documents." Except as otherwise indicated below, all documents that SENCO has designated as "Confidential" or "Subject to Protective Order" that are produced by SENCO to, or otherwise obtained by, Plaintiff or his respective attorneys, consultants, agents, or experts in this action shall be Protected Documents and be given confidential treatment as described below.

2. Protected Documents shall not include (a) advertising materials, (b) materials that on their face show that they have been published to the general public, or

JUL 08 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

(c) documents that have been submitted to any governmental entity without request for confidential treatment.

3. If Plaintiff contends that any document has been erroneously designated for treatment as a Protected Document, he shall nevertheless treat the document as a Protected Document unless and until he either (a) obtains SENCO's written permission to do otherwise, or (b) obtains an Order of this Court finding that the document is not a Protected Document.

4. Protected Documents and the material contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, other than as is required for the preparation and trial of this action. Except as provided in the paragraphs below, Plaintiff shall keep all Protected Documents and the material contained therein confidential from all persons.

5. Except with the prior written consent of SENCO or upon further Order of this Court, Plaintiff or his representatives shall show Protected Documents, and shall disclose the contents thereof, only to the following persons (hereinafter referred to as "Qualified Persons")

(a) Plaintiff's counsel of record in this action;

(b) Employees of Plaintiff's counsel assigned to and necessary to assist such counsel in the preparation or trial of this action; and

(c) Independent experts and consultants retained by Plaintiff whose assistance is necessary for the preparation or trial of this specific action, provided that no such disclosure shall be made to any person employed by or under contract with any competitor of

SENCO, except upon further Order of this Court; and

(d) The Court.

If there is any question about whether a person to whom Protected Documents may be shown is a Qualified Person as defined above (e.g. an employee of an entity which may be a SENCO competitor), Plaintiff's counsel shall disclose that individual and all relevant facts to Defendant's counsel. Defendant's counsel shall have fifteen (15) days thereafter to establish why that person should not be shown the Protected Documents. If after that time the parties have not resolved the issue between themselves, Defendant should give Plaintiff notice of its intent to seek judicial resolution of the question. Disclosure of Protected Documents to the person in question shall be deferred until after the issue is resolved.

6. Before being given access to any Protected Document, each Qualified Person to whom Plaintiff or his representatives intend to deliver, exhibit, or disclose any Protected Document or material contained therein shall be advised of the terms of this Order, shall be given a copy of this Order, and shall agree in writing, in the form attached hereto as Exhibit A, to be bound by its terms. Counsel for Plaintiff shall maintain a list of all Qualified Persons to whom any Protected Document or material contained therein is provided, and that list shall be available for inspection by the Court.

7. Plaintiff's counsel shall keep records of all copies of each Protected Document distributed, in whole or in part, to Qualified Persons. Any copy so distributed shall be returned to counsel for Plaintiff after the completion of the Qualified Person's consultation or representation in this case.

8. To the extent that any Protected Document or information obtained

therefrom is used in the taking of depositions, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony dealing with the Protected Documents or information. Any time any Protected Document is used in any deposition, the reporter will be informed of this Order by Counsel for Plaintiff and will be required to operate in a manner consistent with this Order. Within 30 days after receiving the deposition transcript, counsel for the Defendant shall designate the confidential portions of the transcript. The reporter shall then separately label the confidential portions of the deposition transcript.

9. All documents that are filed with the Court that contain any portion of any Protected Document or information taken from any Protected Document shall be filed in a sealed envelope or other appropriate sealed container on which shall be endorsed the title to the action to which it pertains, an indication of the nature of the contents of such sealed envelope or other container, the words "Subject to Protective Order" and a statement substantially in the following form:

> This envelope is sealed and contains information filed in this case "Subject to a Protective Order" by [name of party] and is not to be opened or the contents thereof displayed or revealed except by Order of the Court or pursuant to written stipulation of the parties to this action. This envelope or container shall not be opened without Order of the Court, except by officers of the Court and counsel of record, who, after reviewing the contents, shall return them to the Clerk in a sealed envelope or container.

10. Promptly after the conclusion of this action, all Protected Documents, all copies thereof, and all excerpts therefrom shall be returned to counsel for SENCO.

11. Plaintiff is seeking Protected Documents solely for the purpose of litigating this action and for no other purpose. Therefore, Plaintiff, his counsel, and experts or any other person retained by Plaintiff to assist in the preparation of this action

shall not under any circumstances sell, offer for sale, advertise, or publicize either the contents of the Protected Documents or the fact that Plaintiff or his counsel have obtained SENCO confidential documents.

12. After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that became a matter of public record. This Court retains and shall have jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

13. This Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors and other persons or organizations over which they have control.

**AGREED TO BY THE UNDERSIGNED COUNSEL FOR THE RESPECTIVE PARTIES.**

Bridget M. Ahmann
Peter J. Goss
FAEGRE & BENSON LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
(612) 766-7000

Paul Peterson
HARPER & PETERSON PLLC
6043 Hudson Road, Suite 370
Woodbury, MN 55125
(651) 738-8593

**SO ORDERED.**

Dated: July 8, 2002.

Hon. Jonathan Lebedoff
Chief Magistrate Judge

M2:20460142.03

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| Donald (Chip) M. Palmateer, Jr. and Karen D. Palmateer, Husband and Wife, Plaintiffs, vs. Senco Products, Inc., Defendant. | **ACKNOWLEDGEMENT OF RECEIPT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** **CIVIL FILE NO. 01-1459 DSD/JMM** |

---

I, ______________________________________________, do hereby acknowledge that I have received and read a copy of the attached Protective Order, and I agree to be bound by the terms of the Order.

Dated this _________ day of ___________________, 19_____.

Signed by:

______________________________________________

______________________________________________
(PRINT NAME)

Relationship to this Lawsuit:

______________________________________________

M2:20460142.03