**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**DONALD M. PALMATEER, JR., suing as Donald (Chip) M. Palmateer, Jr., and KAREN D. PALMATEER, Husband and Wife,**

Plaintiffs,

v.

**SENCO PRODUCTS, INC., an Ohio corporation,**

Defendant.

Civil No. 01-1459 (JEL/JGL)

**ORDER**

APPEARANCES

Paul D. Peterson, Esq. for Plaintiffs

Bridget M. Ahmann, Esq. for Defendant

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Chief Magistrate Judge of District Court on December 12, 2002 on Plaintiffs' Motion to Amend the Scheduling Order and to Compel Discovery (Doc. No. 26). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

The parties have agreed to amend the scheduling order to allow for the depositions of Terry Keith and Karen Palmateer. This aspect of Plaintiffs' motion is therefore granted, and the discovery deadline is extended until January 15, 2003.

FILED DEC 12 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

As to Plaintiffs' request to compel sales, profit, and marketing information related to Defendant's pneumatic nailers and nails, the Court finds that Plaintiffs have not shown this information to be relevant. Plaintiff Donald Palmateer alleges he was injured while using a Senco pneumatic nailer because the nailer malfunctioned, causing it to recoil and hit him in the face, thereby knocking him off a ladder. Plaintiffs' theory of the case is design defect, but Plaintiffs contend that sales, profit, and marketing information is nevertheless relevant to show that Defendant had a profit motive to continue to sell the defective product.

The Federal Rules of Civil Procedure contemplate liberal discovery; the information sought only need be "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); see also Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); Hickman v. Taylor, 329 U.S. 495, 501 (1947). Rule 26(b)(1) gives courts "the authority to confine discovery to the claims and defenses asserted in the pleadings," but recognizes a court's discretion to permit broader discovery depending on the particular circumstances of a case. Fed. R. Civ. P. 26(b)(1) advisory committee's note (2000 amendment).

Here, Plaintiffs have not shown that sales, profit, or marketing information is relevant to the claims and defenses in this case. Notably, Plaintiffs are not seeking punitive damages, in which case a profit motive to continue to sell a defective product arguably would be relevant. In addition,

the determination of whether a product design is unreasonably dangerous does not implicate Defendant's financial motivation.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Amend the Scheduling Order and to Compel Discovery (Doc. No. 26) is **GRANTED IN PART** and **DENIED IN PART**. The deadline for discovery is extended until January 15, 2003 to allow for the depositions of Terry Keith and Karen Palmateer. Plaintiffs' motion to compel sales, profit, and marketing information related to Defendant's pneumatic nailers and nails is denied.

Dated: December 12, 2002

JONATHAN LEBEDOFF
Chief United States Magistrate Judge