**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**DONALD M. PALMATEER, JR., suing as Donald (Chip) M. Palmateer, Jr., and KAREN D. PALMATEER, Husband and Wife,**

Plaintiffs,

v.

**SENCO PRODUCTS, INC., an Ohio corporation,**

Defendant.

Civil No. 01-1459 (JNE/JGL)

**O R D E R**

---

APPEARANCES

Thomas H. Schaefer, Esq. for Proposed Plaintiff-Intervenors
Paul D. Peterson, Esq. for Plaintiffs
Bridget M. Ahmann, Esq. for Defendant

---

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came before the undersigned Chief Magistrate Judge of District Court on December 9, 2003 on Proposed Plaintiff-Intervenors' Motion to Intervene as Party Plaintiffs (Doc. No. 34). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

## I. INTRODUCTION

Plaintiff Donald M. Palmateer, Jr. was employed by On Site Engineering ("On Site") and sustained injuries during the course of his

DEC 1 0 2003
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

employment. Palmateer alleges that he was injured while using a SENCO pneumatic nailer at a construction site on September 12, 1996. At the time, On Site was insured by AIG/National Union Fire Insurance ("AIG") for workers' compensation liability. According to On Site, it has paid workers' compensation benefits and reasonable and necessary medical and indemnity expenses resulting from the accident. On Site and AIG now move pursuant to Minn. Stat. § 176.061 to intervene as party plaintiffs in this case.

Plaintiffs have not taken a position on the motion, but Defendant opposes the motion. Defendant notes that the case has been pending for more than three years, and discovery has long been completed. The case has been trial ready since April 1, 2003. On Site and AIG have known about the case since the inception of the lawsuit. In addition, the case will soon be resolved by the named parties, who have agreed to a binding arbitration pursuant to a Naig settlement. Even though On Site and AIG knew of the lawsuit, they made no attempts to intervene until now.

## II. DISCUSSION

Federal Rule of Civil Procedure 24(a) provides for intervention of right and permissive intervention. Fed. R. Civ. P. 24(a)(1), (2). Both types of intervention require the proposed intervenor to file a timely application for intervention. Id. Timeliness is determined by considering a totality of the circumstances. Mille Lacs Band of Chippewa Indians v. Minnesota, 989 F.2d 994, 998 (8th Cir. 1993) (citing Jenkins by Agyei v. Missouri, 855 F.2d 1295,

1316 (8th Cir. 1988)). Factors to consider are "the reason for the proposed intervenor's delay in seeking intervention, how far the litigation has progressed before the motion to intervene is filed, and how much prejudice the delay in seeking intervention may cause to other parties if intervention is allowed." Id. (citing Ark. Elec. Energy Consumers v. Middle S. Energy, Inc., 772 F.2d 401, 403 (8th Cir. 1985)).

On Site and AIG have given no explanation for their delay in seeking to intervene other than briefly stating that they previously believed Plaintiffs were adequately representing their interests. The litigation is essentially concluded. The only remaining event would be a trial, but the signed agreement to arbitrate negates the possibility that the case will go to trial. Intervention would prejudice the existing parties because they have engaged in and concluded comprehensive discovery. On Site and AIG have not participated in any of the discovery and have stated their intention to "discover [their] own case," "evaluate the demeanor and performance of witnesses," and investigate other matters as appropriate. (Applicant's Mem. Intervention at 3.) Re-opening discovery would result in increased litigation expenses and possibly impact the arbitration. In conclusion, all three factors weigh against On Site and AIG, and the Court therefore finds that the application for intervention is not timely.

Finally, although not a factor in determining timeliness, the Court notes that On Site and AIG will not be prejudiced as On Site may pursue its

subrogation interests in a separate lawsuit. See Minn. Stat. § 176.061, subd. 5(a).

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Proposed Plaintiff-Intervenors' Motion to Intervene as Party Plaintiffs (Doc. No. 34) is **DENIED**.

Dated: December 9, 2003

JONATHAN LEBEDOFF
Chief United States Magistrate Judge